

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

January 9, 1976

The Honorable Ted Butler
Criminal District Attorney
Bexar County
San Antonio, Texas 78205

Opinion No. H-760

Re: Polling places for
the election of county
school trustees.

Dear Mr. Butler:

You have asked two questions concerning the election of county school trustees in Bexar County, which has a population in excess of 500,000, according to the last federal census. You explain that the county has a seven member board of county school trustees, three of whom are elected from the county at large. The others are elected singly from the four commissioners' precincts. Fifteen independent school districts cover the entire county. There is no common school district. However, the independent school districts do not all conduct elections for their district trustees at the same time. As a consequence, at the time of the regular elections for county school trustees some of the individual districts do not hold simultaneous district trustee elections or designate polling places in those districts which voters may use to vote for county school trustees. You ask:

Question No. 1: Can an independent school district holding an election for school district trustees be required by the election order of the County Judge to permit voters, [who are] otherwise qualified as electors, [and] who reside in another independent school district not conducting an election for school district trustees that day, to vote a limited ballot for the election of county school trustees only?

p. 3209

Question No. 2:   Can an independent school district not holding an election for school district trustees be required to hold an election for the regular election of county school trustees?

Section 17.03 of the Texas Education Code governs the election of county school trustees.   It reads in part:

(a)   Elections of county school trustees or members of the county board of education and district trustees shall be held on the first Saturday in April, except that in counties having a population of 500,000 or more, according to the last preceding federal census, such elections may be held on any other Saturday the trustees or board members may select by official resolution.

(b)   Election officers appointed to hold the election for district trustees in each school district shall hold the regular election for county school trustees or county board members.

.  .  .

(d)   The order for such elections must be made by the county judge at least 30 days prior to election day and must designate as voting places within each common or independent school district the same places at which votes are cast for the district trustees.

(e)   It shall be no valid objection that the voters of a commissioners precinct are required by operation of this section to cast their ballots at a polling place outside the commissioners precinct of their residence.

.  .  .  .

In our opinion this statute originally contemplates that elections will be held for district trustees and county school trustees at the same time, whether on the first Saturday in April or some other day.  Attorney General Opinion C-40 (1963), interpreting predecessor statutes, said:

> Under these statutes, an election for county school trustees must be conducted at the same place and by the same election officers as an election for trustees of an independent school district which is held on the same day.
>
> . . .
>
> In our opinion, the effect of [two of the statutes] is to make the election of county school trustees a part of the election for district trustees, although these statutes do not require use of a single ballot form and do not authorize a complete fusion of duties in conducting the election and canvassing the returns as is permitted [by a third statute].

However, section 23.08 of the Texas Education Code states that

> [e]lections for trustees of independent school districts shall be held on the first Saturday in April, except that in counties having a population of 500,000 or more the trustees may by official resolution select any other Saturday.

Attorney General Opinion M-740 (1970) concluded that each independent school district has the authority under that section to select any other Saturday by official resolution of its board, and implied that the changes could be made whether or not other independent school districts in the county, or the county school board, made the same change.

Although the 64th Legislature enacted sections 2.01b and 2.01c of the Texas Election Code to standardize election dates and authorize joint elections under certain conditions so that school trustee elections may be conducted on only a limited number of dates, it is still statutorily possible for Bexar County local school boards to select dates for school district trustee elections which differ from the county school trustee election dates.  See also Texas Election Code, sec. 2.06a and Texas Education Code, sec. 17.95.

We conclude that elections for independent school district trustees may be held at times different from elections for county school trustees, though if they are held on the same day, they must be consolidated.  But the circumstance that the board of trustees of an independent school district has chosen to hold elections for its trustees on a date different from that set for the election of county school trustees does not relieve it of the duty and responsibility to provide election officers and its regular polling places for county school trustee elections pursuant to subsections (b) and (d) of section 17.03 of the Texas Education Code.  See Attorney General Opinion M-645 (1970).  Those provisions plainly intend that voters in each independent school district have the opportunity to cast their votes for county school trustees at polling places located within their particular school districts.  See Attorney General Opinion H-555 (1975).

Accordingly, we answer your first question in the negative and your second question in the affirmative.  See Teeple v. Beedy, 316 S.W.2d 311 (Tex.Civ.App. -- Amarillo 1958, no writ).

## S U M M A R Y

Independent school districts not holding an election for independent school district trustees on the day set for the election of county school trustees in counties having a population in excess of 500,000 are required to hold county school trustee elections within

the school district.  Independent school districts holding simultaneous elections for district trustees on that day cannot be required to provide voting places for voters from the school districts not holding such a simultaneous election.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb